1  Eleanor A. DuBay, WSBA #45828
   TOMASI SALYER MARTIN
2  121 SW Morrison St, Suite 1850
   Portland, OR 97204
3  Telephone: (503) 894-9900
   Email: edubay@tomasilegal.com
4
   Attorneys for Defendant 21st Mortgage Corporation
5

Judge:          Alston
Chapter:        7
Location:       Telephonic
Hearing Date: September 3, 2020
Hearing Time: 11:00 AM
Response Date: August 27, 2020

6

7

8

9              IN THE UNITED STATES BANKRUPTCY COURT

10            FOR THE WESTERN DISTRICT OF WASHINGTON

11  In re                              Case No. 09-15167

12  Jack Carlton Cramer, Jr,           Adv. Proc. No. 20-01047-CMA

13          Debtor,                    DECLARATION OF ELEANOR A.
                                       DUBAY IN SUPPORT OF
14                                     DEFENDANT'S MOTION TO DISMISS
                                       PLAINTIFF'S COMPLAINT TO
15                                     DETERMINE DISCHARGEABILITY OF
                                       POST PETITION UNJUST
16                                     ENRICHMENT CLAIM  PURSUANT TO
                                       FRCP 12(b)
17
18  Jack Carlton Cramer, Jr,
19          Plaintiff,
          v.
20
21  21st Mortgage Corporation,
22          Defendant.

23          I, Eleanor A. DuBay, declare under penalty of perjury as follows:

24          1.      I am an attorney at Tomasi Salyer Martin. I am one of the attorneys for

25  Defendant 21st Mortgage Corporation ("21st") in the above-referenced action.  I am also one of

26  the attorneys that represented 21st in the Washington state court action entitled *21st Mortgage*

Page 1 -   DECLARATION OF ELEANOR A. DUBAY IN SUPPORT OF DEFENDANT'S
           MOTION TO DISMISS PLAINTIFF'S COMPLAINT TO DETERMINE
           DISCHARGEABILITY OF POST PETITION UNJUST ENRICHMENT CLAIM
           PURSUANT TO FRCP 12(b)
21ST-F74\00525312.000

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

1 *Corporation v. Jack C. Cramer, Jr., et al*, King County Superior Court Case No. 15-2-21512-

2 4SEA (the "State Court Case").

3      2.     I make this declaration based on personal knowledge and my review of the

4 file. I am competent to testify if called to do so. I make this declaration in support of 21st's

5 Motion to Dismiss Plaintiff's Complaint to Determine Dischargeability of Post Petition Unjust

6 Enrichment Claim Pursuant to FRCP 12(b) ("Motion") filed herewith.

7      3.     On or about May 28, 2009, Plaintiff, Jack C. Cramer, Jr. ("Plaintiff"), filed

8 a Chapter 7 petition in the underlying bankruptcy case, Case No. 09-15167-CMA [Doc 1]. On

9 September 2, 2009, the Court entered a Discharge of Debtor [Doc 26], a copy of which is

10 attached hereto and incorporated herein as Exhibit 1.

11      4.     On March 31, 2010, after notice and hearing, the Court entered an Order

12 on Motion for Relief from the Automatic Stay [Doc 35] which Order found that the Discharge

13 terminated the automatic stay as a matter of law and, thus, the motion for relief filed by RFC was

14 granted as to any interest of the estate in the Property. Attached hereto and incorporated herein

15 as Exhibit 2 is a copy of the Order on Motion for Relief from the Automatic Stay.

16      5.     On September 1, 2015, 21st initiated the State Court Case by filing a

17 complaint for unjust enrichment. Attached hereto and incorporated herein as Exhibit 3 is a copy

18 of the docket report for the State Court Case dated August 3, 2020. Attached hereto and

19 incorporated herein as Exhibit 4 is a copy of the Complaint filed by 21st.

20      6.     On or about January 14, 2016, Plaintiff, Jack C. Cramer, Jr., filed an

21 Answer and Affirmative Defenses of Defendants Cramer in the State Court Case, which is

22 attached hereto and incorporated herein as Exhibit 5.

23      7.     On or about November 27, 2017, the Washington Court of Appeals issued

24 an Unpublished Opinion affirmed the trial court's order granting summary judgment in favor of

25 21st. Attached hereto and incorporated herein as Exhibit 6 is a copy of the Unpublished

26 Opinion.

Page 2 -    DECLARATION OF ELEANOR A. DUBAY IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT TO DETERMINE
DISCHARGEABILITY OF POST PETITION UNJUST ENRICHMENT CLAIM
PURSUANT TO FRCP 12(b)

21ST-F74\00525312.000

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

1         8.    At the time Plaintiff initiated the 2018 bankruptcy case, Case No. 18-

2   13383-CMA, 21st was attempting to enforce the Judgment by, among other things, having a Writ

3   of Execution issued to the Sheriff of King County.

4         I HEREBY DECLARE THAT THE ABOVE STATEMENT IS TRUE TO THE

5   BEST OF MY KNOWLEDGE AND BELIEF, AND THAT I UNDERSTAND IT IS MADE

6   FOR USE AS EVIDENCE IN COURT AND IS SUBJECT TO PENALTY FOR PERJURY.

7         DATED: August 5, 2020.

8

9                     By: /s/ Eleanor A. DuBay
                       Eleanor A. DuBay

10                     Portland, OR

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

**CERTIFICATE OF SERVICE**

I hereby certify that on August 5, 2020 I served a copy of the foregoing **DECLARATION OF ELEANOR A. DUBAY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT TO DETERMINE DISCHARGEABILITY OF POST PETITION UNJUST ENRICHMENT CLAIM PURSUANT TO FRCP 12(b)** by electronic means using ECF to the parties listed below:

Christina L Henry on behalf of Plaintiff Jack Carlton Cramer, Jr
chenry@hdm-legal.com; HenryDeGraaffPS@jubileebk.net; mainline@hdm-legal.com

Rory C Livesey on behalf of Interested Party Courtesy NEF
rory@liveslaw.com, patti@liveslaw.com

DATED: August 5, 2020.

TOMASI SALYER MARTIN

By: /s/ Eleanor A. DuBay
Eleanor A. DuBay, WSBA #45828
edubay@tomasilegal.com
Phone: (503) 894-9900
Attorneys for Defendant 21st Mortgage
Corporation

CERTIFICATE OF SERVICE
21ST-F74\00525312.000

# United States Bankruptcy Court

Western District of Washington
700 Stewart St, Room 6301
Seattle, WA 98101

Case No. **09–15167–SJS**
**Chapter 7**

**In re** Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):
    Jack Carlton Cramer Jr
    15605 63rd Ave NE
    Kenmore, WA 98028

Social Security/Individual Taxpayer ID No.:
    xxx–xx–7499

Employer Tax ID/Other nos.:

# DISCHARGE OF DEBTOR

The Debtor(s) filed a Chapter 7 case on **May 28, 2009.** It appearing that the Debtor is entitled to a discharge,

**IT IS ORDERED:**

The Debtor is granted a discharge under 11 U.S.C. § 727.

BY THE COURT

Dated: <u>September 2, 2009</u>

<u>Samuel J. Steiner</u>
United States Bankruptcy Judge

**SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.**

## EXPLANATION OF BANKRUPTCY DISCHARGE
## IN A CHAPTER 7 CASE

This court order grants a discharge to the person named as the debtor. It is not a dismissal of the case and it does not determine how much money, if any, the trustee will pay to creditors.

**Collection of Discharged Debts Prohibited**

The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor. *[In a case involving community property:* There are also special rules that protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.] A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

**Debts That are Discharged**

The chapter 7 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt existed on the date the bankruptcy case was filed. (If this case was begun under a different chapter of the Bankruptcy Code and converted to chapter 7, the discharge applies to debts owed when the bankruptcy case was converted.)

**Debts That are Not Discharged**

Some of the common types of debts which are <u>not</u> discharged in a chapter 7 bankruptcy case are:

a. Debts for most taxes;

b. Debts incurred to pay nondischargeable taxes;

c. Debts that are domestic support obligations;

d. Debts for most student loans;

e. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;

f. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle, vessel, or aircraft while intoxicated;

g. Some debts which were not properly listed by the debtor;

h. Debts that the bankruptcy court specifically has decided or will decide in this bankruptcy case are not discharged;

i. Debts for which the debtor has given up the discharge protections by signing a reaffirmation agreement in compliance with the Bankruptcy Code requirements for reaffirmation of debts; and

j. Debts owed to certain pension, profit sharing, stock bonus, other retirement plans, or to the Thrift Savings Plan for federal employees for certain types of loans from these plans.

**This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.**

1   SAMUEL J. STEINER
    U.S. Bankruptcy Judge
2   700 Stewart Street
    Seattle, WA  98101
3
    (206) 370-5300
4

5

6

7               IN THE UNITED STATES BANKRUPTCY COURT FOR THE
                    WESTERN DISTRICT OF WASHINGTON, AT SEATTLE
8

9   In re                      )      NO. 09-15167
                               )
        JACK CARLTON CRAMER, JR.,  )      Chapter 7
10                              )
                               )      ORDER ON MOTION FOR RELIEF
11              Debtor.        )      FROM THE AUTOMATIC STAY

12

13      This matter having come on regularly for hearing before the

14   undersigned Bankruptcy Judge of the above entitled Court on March

15   26, 2010, on the motion of Residential Funding Real Estate Holding,

16   LLC, for relief from the automatic stay; the moving party appearing

17   through Melissa Williams Romeo of counsel, and the debtor being

18   represented by Helmut Kah, and the estate (trustee) having failed

19   to appear or respond; and it appearing from the record that the

20   Discharge was entered in this cause on September 2, 2009; and the

21   Court having concluded that the entry of the Discharge terminates

22   the automatic stay as to the debtor as a matter of law, which make

23   his response to the motion moot; and the Court having been

24   otherwise advised; now therefore, it is

25          ORDERED as follows:

26

ORDER ON MOTION FOR RELIEF
FROM THE AUTOMATIC STAY - 1

1   1. The motion for relief from the automatic stay is granted

2 as to any interest of the trustee or the estate as to the real

3 property described in the deed of trust attached to the motion.

4   2. Any objection of the debtor is moot, and is therefore

5 denied.

6       /// END OF ORDER ///

**United States Bankruptcy Judge**
(Dated as of Entered on Docket date above)

ORDER ON MOTION FOR RELIEF
FROM THE AUTOMATIC STAY – 2

**Date & Time Performed:** Mon Aug 03 2020 11:19:14 PST
**Search Title:** 21st/F74: 15-2-21512-4 - WA Superior King County
**Client Matter #:** 21st/F74
**Search Type:** Case Number
**Case Type:** Civil

**COURTTRAX**
**WA - King County Superior Court**
**Case #15-2-21512-4**

## SUMMARY

**SCOMIS DATA**

**Case:** 15-2-21512-4
**Case Title:** 21ST MORTGAGE CORP VS CRAMER JR
**Records Located:** Seattle     **Court:** KING COUNTY SUPERIOR COURT
**Judgment #:** YES
**Judge Id:** 1     **Filed:** 09 01 2015
**Cause of Action:** MISCELLANEOUS     **Resolution:** DEFAULT JUDGMENT
**Resolution Date:** 07 14 2016     **Completion:** JUDGMENT/ORDER/DECREE FILED
**Completion Date:** 07 14 2016     **Case Status:** COMPLETED/RE-COMPLETED
**Status Date:** 02 01 2018

**KCSCRIPT DATA**

**Case:** 15-2-21512-4 SEA
**Case Title:** 21ST MORTGAGE CORP VS CRAMER JR
**Filed:** 09/01/2015
**Filing Type:** PT-Petition
**Subcase Filing:** Complaint - MSC - Miscellaneous filed on 09/01/2015
**Disposition:** DFJG - Default Judgment
**Cause Of Action:** Miscellaneous, Civil (2)
**Status:** Completed 02/01/2018

## NAMES

**SCOMIS DATA**

**Bar number(s) present.** Click here for additional attorney information.

**Total participants:** 5

| 21ST MORTGAGE CORP | **Role:** | Plaintiff (PLA01) |
|---|---|---|
| CRAMER, JACK C JR | **Role:** | Defendant (DEF01) |
| LEWANDOWSKI, CHELSEA STELLE | **Role:** | Withdrawn Attorney for Plaintiff/Petitioner (WTP01) |
| | **Bar#:** | 45312 |
| DUBAY, ELEANOR A | **Role:** | Attorney for Plaintiff/Petitioner (ATP02) |
| | **Bar#:** | 45828 |
| KAH, HELMUT | **Role:** | Attorney for Defendant (ATD01) |
| | **Bar#:** | 18541 |

**KCSCRIPT DATA**

Complaint - filed on 09/01/2015 Disposed as DFJG - Default Judgment on 07/14/2016

| 21ST MORTGAGE CORP | **Relation to Case:** Plaintiff<br>**Represented by:** DUBAY, ELEANOR A |
|---|---|
| CRAMER, JACK C JR | **Relation to Case:** Defendant<br>**Represented by:** KAH, HELMUT |

Conversion - filed on 10/06/2016

## JUDGMENTS

**SCOMIS DATA**

| Judgment# | Type | Title | Date Filed | Status Code | Status Date |
|---|---|---|---|---|---|
| 16-9-11431-3 | GEN | 21ST MORTGAGE CORP VS CRAMER JR - $30,036.20 | 07/14/2016 | | |

**KCSCRIPT DATA**

| Judgment | Additional Info | Amount / Interest Rate | Status |
|---|---|---|---|

| | |
|---|---|
| MSC - Miscelleaneous filed on 09/01/2015 Disposed as DFJG - Default Judgment on 07/14/2016 | |
| 07/14/2016 - Judgment Signed By: Signed By JDG<br>TIMOTHY A. BRADSHAW 16-9-11431-3 | Principal:<br>Principal Interest:<br>Attorney Fees/Costs:<br>Costs:<br>Other Costs:<br>Interest Rate:<br>Total:<br>$0.00 |
| Judgment For Plaintiff - 21ST MORTGAGE CORP | |
| Judgment Against Defendant - CRAMER, JACK C JR | |
| 07/14/2016 - JD | JUDGMENT<br>AGAINST DEFT, JACK C. CRAMER<br>JR & IN FAVOR:<br>OF PLTF, 21ST MORTGAGE<br>CORP:21,904.58<br>INT TO DATE:6,595.09<br>COSTS:1,536.53<br>TOTAL: $30,036.20:<br>INT @ 12% PER A: |
| 05/10/2018 - PRERP | PRAECIPE FOR EXECUTN ON<br>REAL PROP - ISSD 24.00 |

**SCHEDULE**

**SCOMIS DATA**

**Begin Date:** 09/01/2015    **End Date:** 07/17/2016    **Track:** TRACK CN CIVIL TRACK - NORMAL

| Imposed | Event | Due | Completed |
|---|---|---|---|
| 09/01/2015 | AFFIDAVIT / CONFIRMATION OF SERVICE | 09/29/2015 | N/A |
| 09/01/2015 | DEADLINE TO FILE STMT ARBITRABILITY | 02/09/2016 | N/A |
| 09/01/2015 | CONFIRMATION OF JOINDER | 02/09/2016 | N/A |
| 09/01/2015 | DEADLINE TO TRANSFER CT PROCEEDINGS | 02/23/2016 | N/A |
| 09/01/2015 | STATUS CONFERENCE | 02/23/2016 | N/A |
| 09/01/2015 | DISCLOSURE POSS PRIMARY WITNESSES | | N/A |
| 09/01/2015 | JOINT STATUS REPORT | | N/A |
| 09/01/2015 | DISCLOSURE POSS REBUTTAL WITNESSES | | N/A |
| 09/01/2015 | DEADLINE TO FILE JURY DEMAND | | N/A |
| 09/01/2015 | FINAL DATE TO CHANGE TRIAL | | N/A |
| 09/01/2015 | DISCOVERY CUTOFF | | N/A |
| 09/01/2015 | EXCHANGE WITNESS/EXHIBIT LISTS | | N/A |
| 09/01/2015 | DISPOSITIVE PRETRIAL MOTIONS | | N/A |
| 09/01/2015 | DEADLINE TO COMPLY WITH ADR | | N/A |
| 09/01/2015 | JOINT STATEMENT OF EVIDENCE | | N/A |
| 09/01/2015 | SCHEDULED TRIAL DATE | | N/A |
| 09/01/2015 | STD | 08/29/2016 | N/A |
| 05/23/2016 | STD | 11/07/2016 | N/A |

**Begin Date:** 07/18/2016    **Track:** TRACK DISP DISPOSED

| Imposed | Event | Due | Completed |
|---|---|---|---|
| 07/18/2016* | DISPOSED | | |

**KCSCRIPT DATA**

**Hearings:**

| Date Time | Type | Location | Additional Info | Official |
|---|---|---|---|---|
| 11/07/2016 12:00 AM | Scheduled Trial Calendar | | | |
| 08/29/2016 12:00 AM | Scheduled Trial Calendar | | | |

**Time Standards:**

| Name | Due Date | Status |
|---|---|---|
| DEADLINE TO FILE STMT ARBITRABILITY | 02/09/2016 | Expired |
| Confirmation of Joinder if not subject to arbitration | 02/09/2016 | Expired |
| DEADLINE TO TRANSFER CT PROCEEDINGS | 02/23/2016 | Expired |
| STATUS CONFERENCE | 02/23/2016 | Expired |

**DOCKET &**
**DOCUMENTS**

**Download Electronic Documents**

**ECR DATA**

The following documents are available in electronic format from the court.
Select checkboxes for documents you wish to download, then click "Get Documents."
(Documents marked with a green checkmark are documents you have already downloaded. Click the "Go To Viewable Documents"

| Select | Sub Number | Date | Description | Pages |
|---|---|---|---|---|
| | 1 | 09/01/2015 | Complaint - COMPLAINT | 3 |
| | 2 | 09/01/2015 | Order Setting Case Schedule - SET CASE SCHEDULE 08-29-2016ST | 5 |
| | 3 | 09/01/2015 | Case Information Cover Sheet - CASE INFORMATION COVER SHEET | 1 |
| | 4 | 10/08/2015 | Amended Complaint - AMENDED COMPLAINT | 3 |
| | 5 | 10/23/2015 | Notice of Appearance - NOTICE OF APPEARANCE /DEF | 2 |
| | 6 | 10/26/2015 | Motion and Affidavit / Declaration - MOTION AND AFFIDAVIT/DECLARATION | 10 |
| | 7 | 10/26/2015 | Motion and Affidavit / Declaration - MOTION AND AFFIDAVIT/DECLARATION | 11 |
| | 8 | 10/27/2015 | Order for Publication - ORDER FOR PUBLICATION | 2 |
| | 9 | 10/27/2015 | Motion - MOTION /PLA | 11 |
| | 10 | 11/05/2015 | Affidavit / Declaration / Certificate of Service - AFFIDAVIT/DCLR/CERT OF SERVICE | 2 |
| | 11 | 12/23/2015 | Affidavit of Publication - AFFIDAVIT OF PUBLICATION | 2 |
| | 12 | 01/04/2016 | Notice of Appearance - NOTICE OF APPEARANCE /DEF | 2 |
| | 13 | 01/07/2016 | Notice of Hearing - NOTICE OF HEARING /DEFAULT 01-15-2016 | 2 |
| | 14 | 01/07/2016 | Affidavit / Declaration / Certificate of Service - AFFIDAVIT/DCLR/CERT OF SERVICE | 2 |
| | 15 | 01/07/2016 | Motion for Default - MOTION FOR DEFAULT | 1 |
| | 16 | 01/07/2016 | Affidavit of Non-Military Service - AFFIDAVIT OF NON-MILITARY SERVICE | 4 |
| | 17 | 01/07/2016 | Cost Bill - COST BILL $1,456.53 | 2 |
| | 18 | 01/07/2016 | Affidavit - AFFIDAVIT OF SARAH CLEMENTS | 3 |
| ✓ | 19 | 01/14/2016 | Answer and Affirmative Defense - ANSWER & AFFIRMATIVE DEFENSE /DEF | 13 |
| | 20 | 01/15/2016 | Affidavit / Declaration / Certificate of Service - AFFIDAVIT/DCLR/CERT OF SERVICE | 1 |
| | 21 | 02/04/2016 | Order Denying Motion / Petition - ORDER DENYING MOTION FOR DEFAULT | 2 |
| | 22 | 02/08/2016 | Confirmation of Joinder - CONFIRMATION OF JOINDER | 1 |
| | 23 | 02/08/2016 | Affidavit / Declaration / Certificate of Service - AFFIDAVIT/DCLR/CERT OF SERVICE | 2 |
| | 24 | 03/17/2016 | Disclosure - DISCLOSURE OF WITNESSES /PLA | 4 |
| | 25 | 03/28/2016 | Witness List - WITNESS LIST /DEF | 2 |
| | 26 | 03/29/2016 | Affidavit / Declaration / Certificate of Service - AFFIDAVIT/DCLR/CERT OF SERVICE | 1 |
| | 27 | 03/31/2016 | Notice of Hearing - NOTICE OF HEARING /SUMMARY JDGT 05-06-2016 | 2 |
| | 28 | 03/31/2016 | Declaration of Mailing - DECLARATION OF MAILING | 2 |
| | 29 | 03/31/2016 | Notice of Hearing - NOTICE OF HEARING /SUMM JDGT 05-06-2016 | 2 |
| | 30 | 03/31/2016 | Declaration of Mailing - DECLARATION OF MAILING | 2 |
| | 31 | 04/07/2016 | Motion for Summary Judgment - MOTION FOR SUMMARY JUDGMENT /PLA | 10 |
| | 32 | 04/07/2016 | Declaration - DECLARATION OF CHRIS CALDWELL | 101 |
| | 33 | 04/07/2016 | Affidavit / Declaration / Certificate of Service - AFFIDAVIT/DCLR/CERT OF SERVICE | 2 |
| | 34 | 04/25/2016 | Notice of Hearing - NOTICE OF HEARING /SUMM JDGT 06-03-2016 | 2 |
| | 35 | 05/17/2016 | Declaration - DECLARATION OF JACK CRAMER | 14 |
| | 36 | 05/18/2016 | Declaration - DECLARATION /JACK C CRAMER JR | 14 |
| | 37 | 05/18/2016 | Memorandum - MEMORANDUM /DEF | 20 |
| | 38 | 05/18/2016 | Affidavit / Declaration / Certificate of Service - AFFIDAVIT/DCLR/CERT OF SERVICE | 1 |
| | 39 | 05/23/2016 | Order Amending Case Schedule - ORDER AMENDING CASE SCHEDULE 11-07-2016ST | 3 |
| | 40 | 06/01/2016 | Reply - REPLY /PLA | 4 |
| | 41 | 06/01/2016 | Declaration - DECLARATION OF CHRIS CALDWELL | 101 |
| | 42 | 06/01/2016 | Declaration of Mailing - DECLARATION OF MAILING | 2 |
| | 43 | 06/03/2016 | Summary Judgment Hearing - SUMMARY JUDGMENT HEARING | 1 |
| | 44 | 06/21/2016 | Order Granting Summary Judgment - ORDER GRANTING SUMMARY JUDGMENT/PLA | 2 |
| | 45 | 06/28/2016 | Notice of Hearing - NOTICE OF HEARING /JUDGMENT 07-08-2016 | 2 |
| | 46 | 06/28/2016 | Affidavit - AFFIDAVIT /CHELSEA LEWANDOWSKI | 2 |
| | 47 | 06/28/2016 | Affidavit / Declaration / Certificate Of Service - AFFIDAVIT/DCLR/CERT OF SERVICE | 2 |
| | 48 | 07/14/2016 | Judgment - JUDGMENT | 2 |
| | 49 | 08/15/2016 | Notice of Appeal to Court Of Appeals - NOTICE OF APPEAL TO COURT OF APPEAL | 6 |
| | 50 | 08/22/2016 | Perfection Notice from Court of Appeals - PERFECTION NOTICE FROM CT OF APPLS | 3 |
| | 51 | 10/05/2016 | Designation of Clerk's Papers - DESIGNATION OF CLERK'S PAPERS | 3 |
| | 52 | 10/06/2016 | Index - INDEX CLKS PPRS PGS 1-296 | 2 |
| | 53 | 11/08/2016 | Comment Entry - CLKS PPRS PGS 1-296 | 296 |
| | 54 | 02/01/2018 | Mandate - MANDATE /75657-5-I/AFFIRMED | 6 |
| | 55 | 04/02/2018 | Motion - MOTION /PLA | 35 |
| | 56 | 04/02/2018 | Affidavit / Declaration / Certificate of Service - AFFIDAVIT/DCLR/CERT OF SERVICE | 2 |
| | 57 | 04/02/2018 | Notice of Substitution of Counsel - NOTICE OF SUBSTITUTION OF COUNSEL | 3 |
| | 58 | 04/02/2018 | Order Compelling Answers to Interrogatories - ORDER COMPEL ANSWER INTERROGATORIES | 3 |
| | 59 | 04/04/2018 | Notice of Address Change - NOTICE OF ADDRESS CHANGE | 2 |
| | 60 | 04/04/2018 | Affidavit / Declaration / Certificate of Service - AFFIDAVIT/DCLR/CERT OF SERVICE | 1 |
| | 61 | 04/04/2018 | Affidavit / Declaration / Certificate of Service - AFFIDAVIT/DCLR/CERT OF SERVICE | 1 |
| | 62 | 05/09/2018 | Affidavit in Support - AFFIDAVIT IN SUPPORT /PLA | 2 |
| | 63 | 05/09/2018 | Affidavit - AFFIDAVIT FOR WRIT | 4 |
| | 64 | 05/09/2018 | Motion - MOTION /PLA | 7 |
| | 64A | 05/09/2018 | Affidavit / Declaration / Certificate of Service - AFFIDAVIT/DCLR/CERT OF SERVICE | 2 |
| | 65 | 05/10/2018 | Praecipe for Execution on Real Property - PRAECIPE FOR EXECUTN ON REAL PROP | 2 |
| | 66 | 05/30/2018 | Notice of Hearing - NOTICE OF HEARING/APPOINT APPRAISER 06-15-2018 | 2 |
| | 67 | 05/30/2018 | Petition - PETITION TO APPOINT APPRAISER | 3 |
| | 68 | 05/30/2018 | Declaration - DECLARATION /WHIT REED | 74 |
| | 69 | 05/30/2018 | Affidavit / Declaration / Certificate of Service - AFFIDAVIT/DCLR/CERT OF SERVICE | 2 |
| | 70 | 06/13/2018 | Response - RESPONSE /DEF | 5 |
| | 71 | 06/13/2018 | Affidavit / Declaration / Certificate Of Service - AFFIDAVIT/DCLR/CERT OF SERVICE | 1 |
| | 72 | 06/13/2018 | Declaration - DECLARATION OF ELEANOR DUBAY | 6 |

| 73 | 06/15/2018 | Motion Hearing - MOTION HEARING | 1 |
| 74 | 06/15/2018 | Order Appointing - ORDER APPOINTING APPRAISER | 3 |
| 75 | 07/02/2018 | Affidavit - AFFIDAVIT /ROBERT CHAMBERLAIN | 106 |
| 76 | 07/02/2018 | Motion - MOTION /PLA | 4 |
| 77 | 07/02/2018 | Order for Sale of Real Property - ORD FOR SALE OF REAL PROP | 4 |
| 78 | 07/11/2018 | Affidavit of Mailing - AFFIDAVIT OF MAILING | 3 |

NOTE: "The Washington State Administrative Office of the Courts and the Washington State courts do not warrant that the information is accurate or correct and deny liability for any damages resulting from the release or use of the data. In order to assure or verify the accuracy of the information or data received, the customer should personally consult the 'official' record reposing at the court of record."

**End of Report**

Copyright 2020 CourtTrax Corporation - info@courttrax.com

FILED

15 OCT 08 PM 3:55

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 15-2-21512-4 SEA

1

2

3

4

5

6 IN THE SUPERIOR COURT OF WASHINGTON

7 FOR THE COUNTY OF KING

| | |
|---|---|
| 8   21ST MORTGAGE CORPORATION, a <br>   Delaware corporation, | Case No. 15-2-21512-4 SEA |
| 9       Plaintiff, | AMENDED COMPLAINT FOR UNJUST <br> ENRICHMENT |
| 10   v. | |
| 11 | |
| 12   JACK C. CRAMER, JR, and JANE DOE <br>   CRAMER, and the marital community thereof, | |
| 13       Defendants. | |

14

15     For its Amended Complaint, Plaintiff 21st Mortgage Corporation alleges as follows:

16     1.     Plaintiff is a foreign corporation and is authorized to bring suit pursuant to RCW

17 23B.15.010(2)(g) and (h).

18     2.     At all times relevant hereto, Defendant Jack C. Cramer Jr. and Jane Doe Cramer

19 ("defendants Cramers") are a married couple and residents of the State of Washington. To the

20 best of Plaintiff's knowledge, at all times material hereto, defendants Cramers were and are a

21 married couple and are not in the military service of the United States of America.

22     3.     This Court has jurisdiction over the parties for the purpose of determining

23 Plaintiff's claim for unjust enrichment. Venue is proper in this Court as the unjust enrichment

24 occurred in King County and defendants Cramers are residents of King County Washington.

25 RCW 4.12.010 and 4.12.020.

26 ///

Page 1 -   AMENDED COMPLAINT FOR UNJUST ENRICHMENT
21ST-F74\00189629.000

*TOMASI SALYER BAROWAY*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

1   4.  Defendant Jack C. Cramer, Jr. as grantor executed a Deed of Trust ("Deed of

2 Trust") dated December 22, 2000, that was recorded on December 28, 2000, as Recording No.

3 20001228001193 in the Official Records of King County, Washington in favor of Mortgage

4 Market Inc., to secure a debt of $272,000 by which he deeded for the benefit of the beneficiary,

5 all his right, title, and interest in and to that certain real estate ("Property") described therein in

6 the City of Kenmore, County of King, State of Washington and more commonly known as

7 15605 63rd Ave NE, Kenmore, WA 98028.

8   5.  Thereafter, Plaintiff ultimately acquired the beneficial interest in the Deed of

9 Trust and the holder's legal and equitable interests in the Adjustable Rate Note ("Note") that

10 defendant Jack C. Cramer, Jr. executed on December 22, 2000. Plaintiff is the rightful holder of

11 the original Note.

12   6.  Plaintiff is now the servicer and holder of the Deed of Trust and the Note secured

13 thereby.

14   7.  Pursuant to 12 CFR 1024.17 ("Federal Regulation"), the prior holders of the Note

15 and Deed of Trust ("Prior Holders") were required to establish an escrow account for the benefit

16 of defendant Jack C. Cramer Jr.; and Plaintiff and the Prior Holders were further required to

17 advance certain payments from the escrow account for the benefit of defendant Jack C. Cramer

18 Jr.

19   8.  Consistent with the Federal Regulation, an escrow account was established by the

20 Prior Holders for defendant Jack C. Cramer Jr. which escrow account was assumed and

21 maintained by Plaintiff as required by the Federal Regulation. Since September 27, 2012,

22 payments totaling $21,904.58 on defendants Cramers' behalf for property taxes and insurance

23 related to the Property were advanced from the escrow account. Plaintiff and the Prior Holders

24 advanced all payments on defendants Cramers' behalf with the intent that they be remunerated.

25 / / /

26 / / /

Page 2 - AMENDED COMPLAINT FOR UNJUST ENRICHMENT
21ST-F74\00189629.000

*TOMASI SALYER BAROWAY*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

Exhibit 4
Page 2 of 3

1     9.    The payments advanced were a direct benefit or enrichment to defendants

2 Cramers allowing defendants Cramers to maintain the Property free from encumbrances, liens,

3 and collection actions, saving defendants Cramers from expense or loss.

4     10.    Plaintiff and the Prior Holders have conferred a benefit on defendants Cramers,

5 who have and had knowledge or an appreciation thereof. Defendants Cramers were aware of or

6 had an appreciation of the payments advanced on their behalf.

7     11.    Defendants Cramers voluntarily accepted and retained the benefit conferred upon

8 them and have unjustly failed and refused and continue to fail and refuse to pay the sums

9 advanced on defendants Cramers' behalf.

10    12.    The circumstances render defendants Cramers' retention of the benefit inequitable

11 and unjust unless defendants Cramers pay to Plaintiff the value of the benefit.

12    13.    Plaintiff is entitled to damages as a result of defendants Cramers' unjust

13 enrichment, including the restitution and disgorgement of all monies advanced on defendants

14 Cramers' behalf since September 27, 2012. It would be inequitable to allow defendants Cramers

15 to retain the benefit conferred upon them.

16    WHEREFORE, Plaintiff prays for judgment against defendants Jack C. Cramer Jr. and

17 Jane Doe Cramer, and the marital community thereof, jointly and severally, as follows:

18    a.    For compensatory damages in the amount of $21,904.58, plus interest at the legal

19          rate of 12% per annum from the date each payment was advanced; and

20    b.    For such other relief this Court deems just and proper.

21         DATED this 8th day of October, 2015.

22              TOMASI SALYER BAROWAY

23              By: /s/ Chelsea S. Lewandowski

24              Chelsea S. Lewandowski, WSBA #45312
                 (503) 894-9900

25              chelseal@tsbnwlaw.com
                 Attorneys for Plaintiff

26

Page 3 -   AMENDED COMPLAINT FOR UNJUST ENRICHMENT
21ST-F74\00189629.000

*TOMASI SALYER BAROWAY*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

Exhibit 4
Page 3 of 3
Case 20-01047-CMA   Doc 10   Filed 08/05/20   Ent. 08/05/20 09:34:48   Pg. 15 of 33

FILED

16 JAN 14 PM 4:27

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 15-2-21512-4 SEA

**SUPERIOR COURT OF WASHINGTON**
**COUNTY OF KING**

| | |
|---|---|
| 21ST MORTGAGE CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>JACK C. CRAMER, JR. and JANE DOE CRAMER and the marital community thereof,<br><br>Defendants. | NO: 15-2-21512-4 SEA<br><br>**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS CRAMER** |

COMES NOW the defendant JACK C. CRAMER, JR., (herein "Cramer") and in answer to plaintiff's complaint, admits, denies, and alleges as follows (admissions and denials correspond to the numbered paragraphs of plaintiff's complaint):

I. ANSWER

1.1    Admit that plaintiff 21st Mortgage Corporation is a foreign corporation. Except as expressly admitted, deny paragraph 1 of plaintiff's complaint.

1.2    Deny paragraph 2 and allege that Jack C. Cramer, Jr., is not and was not married at the time plaintiff's action herein was commenced. Except as expressly admitted, deny paragraph 2 of plaintiff's complaint.

**HELMUT KAH,** Attorney at Law
16818 140th Avenue NE
Woodinville, WA 98072-9001
Phone: 425-949-8357
Cell: 206-234-7798
helmutkah@outlook.com
WSBA # 18541

ANSWER AND AFFIRMATIVE DEFENSES
OF DEFENDANT JACK C. CRAMER, JR. -- Page 1 of 5

Exhibit 5
Page 1 of 13

1       1.3     Admit that this court has jurisdiction over the subject matter of plaintiff's

2    complaint, that venue is proper, and that Cramer is a resident of King County, Washington.

3    Except as expressly admitted, deny paragraph 3 of plaintiff's complaint.

4       1.4     Admit that Cramer is the grantor of the described deed of trust. Except as

5    expressly admitted, deny paragraph 4 of plaintiff's complaint.

6       1.5     For lack of knowledge and information sufficient to form a belief, deny

7    paragraph 5 of plaintiff's complaint.

8       1.6     For lack of knowledge and information sufficient to form a belief, deny

9    paragraph 6 of plaintiff's complaint.

10      1.7     Deny paragraph 7 of plaintiff's complaint. Allege that 12 CFR 1024.17 does

11   not require establishment of an escrow account but, rather, regulates escrow accounts once a

12   regulated party has chosen to establish one.

13      1.8     For lack of knowledge and information sufficient to form a belief, deny

14   paragraph 8 of plaintiff's complaint.

15      1.9     Deny paragraph 9 of plaintiff's complaint.

16      1.10    Deny paragraph 10 of plaintiff's complaint.

17      1.11    Deny paragraph 11 of plaintiff's complaint.

18      1.12    Deny paragraph 12 of plaintiff's complaint.

19      1.13    Deny paragraph 13 of plaintiff's complaint.

20                          II. AFFIRMATIVE DEFENSES

21      2.1     Plaintiff is not a bona fide purchaser in good faith or holder in due course of

22   the alleged promissory note and deed of trust.

23

**HELMUT KAH,** Attorney at Law
16818 140th Avenue NE
Woodinville, WA 98072-9001
Phone: 425-949-8357
Cell: 206-234-7798
helmutkah@outlook.com
WSBA # 18541

ANSWER AND AFFIRMATIVE DEFENSES
OF DEFENDANT JACK C. CRAMER, JR. -- Page 2 of 5

Exhibit 5
Page 2 of 13

1      2.2     Defendant Jack C. Cramer entered into a settlement agreement with plaintiff's

2 predecessor in interest, Countrywide Home Loan, Inc., (hereinafter "Countrywide") on July

3 11, 2003, in the case of Countrywide Home Loan, Inc., King County Superior Court case no.

4 02-2-23019-9 SEA, a true copy of which is attached hereto as Exhibit 1, hereinafter referred to

5 as the "Agreement".

6      2.3     Countrywide breached the material terms of the agreement.

7      2.4     Countrywide's breach of the agreement made it impossible for defendants

8 Cramer to obtain refinancing.

9      2.5     Countrywide's breach made it impossible for defendants Cramer to make

10 payments on the alleged obligation.

11     2.6     Countrywide refused to accept payments from Cramer.

12     2.7     Intermediate assignees refused to accept payments from Cramer.

13     2.8     As a result of Countrywide's breach, defendant Cramer has sustained monetary

14 damages, psychological and emotional distress, nervousness, loss of sleep, and mental pain

15 and anguish, due to his inability to refinance, threats of foreclosure, subsequent foreclosure

16 proceedings, having been forced into bankruptcy, and the instant lawsuit, all to defendant

17 Cramer's damage in a sum to be determined at trial.

18     2.9     Plaintiff's claims are subject to all claims, damages, defenses, set-offs, and

19 recoupment that defendant Cramer has and may assert against Countrywide or any of

20 plaintiff's other predecessors in interest.

21     3.0     Plaintiff is equitably estopped to assert any claim for monetary damages

22 against defendants Cramer.

23

**HELMUT KAH,** Attorney at Law
16818 140th Avenue NE
Woodinville, WA 98072-9001
Phone: 425-949-8357
Cell: 206-234-7798
helmutkah@outlook.com
WSBA # 18541

ANSWER AND AFFIRMATIVE DEFENSES
OF DEFENDANT JACK C. CRAMER, JR. -- Page 3 of 5

Exhibit 5
Page 3 of 13

Case 20-01047-CMA    Doc 10    Filed 08/05/20    Ent. 08/05/20 09:34:48    Pg. 18 of 33

1       3.1     Plaintiff's claim is barred by laches.

2       3.2     Plaintiff's claim is barred by the applicable statute of limitations.

3       3.3     The claim and interest asserted by plaintiff in the promissory note and deed of

4 trust is so indefinite and uncertain that it is not susceptible of the relief plaintiff claims herein.

5       3.4     Plaintiff's claim is barred by the statute of frauds.

6       3.5     Plaintiff is not the real party in interest.

7       3.6     Countrywide Home Loans, plaintiff's predecessor in interest, breached its

8 obligations under the July 11, 2003 settlement agreement by failing to clear derogatory credit

9 reporting from Cramer's credit bureau files, thereby rendering Cramer's obligations

10 impossible to perform, all to Cramer's damage in an amount to be determined herein.

11       3.7     Defendant Cramer is entitled to setoff against plaintiff's claims of any and all

12 damages, costs, expenses, and attorney fees recoverable by Cramer against Countrywide.

13 III. PRAYER FOR RELIEF

14     WHEREFORE, having fully answered the allegations contained in the Plaintiff's

15 complaint, Defendants Cramer pray for relief as follows:

16       3.1     That plaintiff's claims be denied, that its complaint be dismissed with

17                  prejudice, and that it take nothing thereby.

18       3.2     That defendant Cramer be awarded his reasonable attorney fees herein pursuant

19                  to contract.

20       3.3     That defendant Cramer be granted setoff against plaintiff's claims for any and

21                  all damages, costs, expenses, and attorney fees recoverable by Cramer against

22                  Countrywide and its successors in interest.

23

**HELMUT KAH,** Attorney at Law
16818 140th Avenue NE
Woodinville, WA 98072-9001
Phone: 425-949-8357
Cell: 206-234-7798
helmutkah@outlook.com
WSBA # 18541

ANSWER AND AFFIRMATIVE DEFENSES
OF DEFENDANT JACK C. CRAMER, JR. -- Page 4 of 5

1    3.4    That defendant Cramer be awarded his costs and disbursements herein.

2    3.5    That defendant Cramer be awarded such other, further and different relief as

3      the court deems just and proper in the premises.

4

Respectfully submitted this 14th day of January, 2016.

5

6

7

8

/s/ Helmut Kah_____

9     Helmut Kah, WSBA # 18541
Attorney for defendant Jack C. Cramer, Jr.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

**HELMUT KAH,** Attorney at Law
16818 140th Avenue NE
Woodinville, WA 98072-9001
Phone: 425-949-8357
Cell: 206-234-7798
helmutkah@outlook.com
WSBA # 18541

ANSWER AND AFFIRMATIVE DEFENSES
OF DEFENDANT JACK C. CRAMER, JR. -- Page 5 of 5

Exhibit 5
Page 5 of 13

RECEIVED

03 AUG -7 AM 9: 27

KING COUNTY
SUPERIOR COURT CLERK
SEATTLE, WA

1
2
3
4
5
6
7

**SUPERIOR COURT OF WASHINGTON**
**COUNTY OF KING**

8

COUNTRYWIDE HOME LOAN, INC.,

9                    Plaintiff,

10          v.

11   JACK C. CRAMER JR. AND JANE
     DOE CRAMER and All Occupants of
12   the Premises located at 15605 63rd
     Avenue Northeast, Kenmore, WA 98028,

13                    Defendant.

No. 02-2-23019-9 SEA

MEMORANDUM OF CR 2A
SETTLEMENT AGREEMENT

14    This agreement is made by and between the plaintiff and the defendants in settlement of

15  the proceedings for unlawful detainer now pending in the above-entitled case. This agreement is

16  signed by the parties as a binding CR 2A agreement.

17          1.    The trial scheduled in this matter on Monday, July 14, 2003 shall be canceled

18  and the above-referenced case dismissed.

19          2.    Countrywide Home Loans, Inc. ("Countrywide") will clear all foreclosure

20  including collections, late payments, and delinquencies reporting on Jack Cramer's ("Cramer")

21  credit report from December 31, 2001 until the date of this agreement. Countrywide will not

22  alter any credit reporting that pertains to collections or delinquencies prior to the original

23  ⱴ⅄

ROUTH CRABTREE FENNELL
A Law Firm and Professional Services Corporation
3535 Factoria Boulevard SE, Suite 200
Bellevue, Washington 98006
Telephone (425) 586-1900
Facsimile (425) 586-1997

MEMORANDUM OF CR2A SETTLEMENT AGREEMENT
Page 1 of 8



1   Notice of Default dated December 31, 2001. During the pendency of this agreement and until

2   a new foreclosure is begun as authorized by Paragraph 7, Cramer's credit report will reflect

3   his credit as of December 2001.

4       3.      Countrywide will report the changes in Cramer's credit report no later than July

5   16, 2003 and provide written proof to opposing counsel that this has been done.

6       4.      Countrywide will rescind the current Trustee's Deed issued to Countrywide on or

7   about June 14, 2002 and recorded under King County Recorder's No. 20020620002210. The

8   accuracy of the recording number listed in the preceding sentence shall not diminish

9   Countrywide's duty to rescind the trustee's deed.

10      5.      Cramer will execute any documents that are necessary to rescind the trustee's

11  deed that was issued to Countrywide on or about June 14, 2002 and recorded under King

12  County Recorder's No. 20020620002210.

13      6.      Countrywide will take no steps to begin foreclosure, including but not limited to

14  a Notice of Default and Notice of Sale or any service or reporting of said notices until sixty

15  days after Countrywide has received confirmation from each of the three credit bureaus and

16  provided said notice to opposing counsel by delivery via fax and courier with said

17  confirmation that the requested changes have been made, with the exception of those steps

18  referenced below.

19      7.      On or after the sixty days has elapsed as described in Paragraph 6, Countrywide

20  may re-start a new foreclosure by issuing a Notice of Default and will report the new

21  foreclosure to the appropriate credit bureaus.

22

23      8.      Countrywide will issue a breach letter no later than 30 days prior to re-

ROUTH CRABTREE FENNELL
A Law Firm and Professional Services Corporation
3535 Factoria Boulevard SE, Suite 200
Bellevue, Washington 98006
Telephone (425) 586-1900
Facsimile (425) 586-1997

MEMORANDUM OF CR2A SETTLEMENT AGREEMENT
Page 2 of 8

Exhibit 5
Page 7 of 13

1    commencing foreclosure pursuant to #6 above. However, the breach letter will not be

2    reported to any credit bureau.

3        9.    Countrywide will waive all its foreclosure fees, costs, and expenses including

4    attorney fees and trustee fees, incurred to date and any and all fees, costs, and expenses

5    including attorney fees and trustee fees, associated with the instant unlawful detainer action

6    case #02-2-23019-9 SEA. Countrywide waives all late charges and delinquency charges from

7    December 31, 2001, through August 30, 2003. These amounts are not and will not be

8    included in the amount necessary to reinstate the Cramer loan. Countrywide will not,

9    however, waive any late charges and delinquency charges incurred prior to December 31,

10   2001.

11

12       10.   Countrywide waives and has credited the amounts of $5,413.00, $5,521.26 and

13   $311.00 as the amounts of hazard insurance charged to Cramer's loan account during the time

14   period of June 28, 2002 until June 28, 2003. These amounts are not and shall not be included

15   in the amount necessary to reinstate the Cramer loan. Cramer agrees that he is responsible to

16   continually provide for hazard insurance on the subject property and provide written proof of

17   said insurance to counsel for Countrywide. *Cramer agrees that this provision does not diminish Countrywide's right under the Deed of Trust to provide Hazard Insurance if Cramer fails to do so.* AK.

18       11.   The current reinstatement amount as of July 11, 2003 is $79,114.34 (the

19   "principal reinstatement amount") and the current payoff balance as of July 11, 2003, is

20   $349,292.06. The interest rate is $85.6157 a day, the contract rate. These amounts may

21   increase with any property tax amounts that the lender pays hereafter in connection with the

22   loan. King County property tax is paid in full as of the date of this agreement, and the 2nd half

23   HdP

ROUTH CRABTREE FENNELL
A Law Firm and Professional Services Corporation
3535 Factoria Boulevard SE, Suite 200
Bellevue, Washington 98006
Telephone (425) 586-1900
Facsimile (425) 586-1997

1   of 2003 property tax is due October 31, 2003, in the amount of $1,899.40.

2       12.   The rescission of the trustee's deed granted to Countrywide on June 14, 2002 in

3   no way affects the validity of the Deed of Trust dated December 22, 2000 relating to the

4   property located at 15605 63rd Ave. NE, Kenmore, WA 98028 and said Deed of Trust will be

5   reinstated and continue to be a valid and existing first lien on the subject property.

6       13.   Jack Cramer, for his self, and for his heirs, executors, administrators, successors

7   and assigns do hereby fully and forever remise, release and discharge Countrywide Home

8   Loans, Inc. and its related corporations, affiliated companies, partnerships, partners, trusts,

9   trustees, beneficiaries, predecessors, successors, assigns, directors, officers, employees, agents

10  and attorneys from any and all claims, liabilities, actions, causes of actions, demands, rights,

11  damages, costs, attorneys' fees, loss of profit, expenses and compensation, which Cramer

12  claims to have or will have that are in any way related to the non-judicial deed of trust

13  foreclosure commenced by Countrywide by Notice of Default dated December 31, 2001,

14  against Cramer's property located at 15605 63rd Ave. NE, Kenmore, WA 98028 ("the

15  Property"), or the instant unlawful detainer action, King County case #02-2-23019-9 SEA,

16  including, without limitation, any and all claims asserted or which could have been asserted

17  by Cramer in said actions as affirmative defenses or civil counterclaims, such as claims of

18  alleged "bad faith", malicious prosecution, abuse of process, breach of the covenant of good

19  faith and fair dealing, fraud, intentional and negligent infliction of emotional distress,

20  intentional and negligent misrepresentation, personal injury, breach of any federal or state

21  statutory duties, claims for lender liability, claims for exemplary and punitive damages, or

22  damages for personal injury or emotional distress in any way related to the Property or the

23

ROUTH CRABTREE FENNELL
A Law Firm and Professional Services Corporation
3535 Factoria Boulevard SE, Suite 200
Bellevue, Washington 98006
Telephone (425) 586-1900
Facsimile (425) 586-1997

Exhibit 5
Page 9 of 13

1 | Lawsuit. Cramer also agrees that he will not file any complaint with any Federal or State

2 | Court with regard to the disputes identified in this settlement agreement and/or any matters

3 | released. This release of claims by Cramer does not preclude Cramer from submitting a claim

4 | for a share of the settlement or award in any class action lawsuit commenced by others against

5 | Countrywide Home Loan, Inc. Cramer will not himself initiate, act as a named plaintiff, or

6 | participate as a plaintiff, in any class action lawsuit against Countrywide arising from claims

7 | which are based on vents that occurred prior to the effective date of this agreement, EXCEPT

8 | THAT Cramer may file a claim against the settlement or award recovered in any such class

9 | action lawsuit and may provide information and cooperate as necessary in connection with his

10 | claim against the settlement or award. Compliance with subpoenas and court orders is not

11 | prohibited by this paragraph.

12 |      14. Jack Cramer and Countrywide Home Loan, Inc. understand and agree that this

13 | Agreement is a compromise of disputed claims and that this Agreement is not to be construed

14 | as and is not an admission of liability on the part of the party or parties released.

15 |      15. It is further understood and agreed that Cramer intends to waive and hereby

16 | expressly waives all rights under California Civil Code Section 1542 and any similar law of

17 | any state or territory of the United States. Section 1542 reads as follows:

18 |

19 |     "A general release does not extend to claims which the creditor does not know

20 |     or suspect to exist in his favor at the time of executing the release, which if

21 |     known by him must have materially affected his settlement with the debtor."

22 | **GENERAL PROVISIONS:**

23 |

ROUTH CRABTREE FENNELL
*A Law Firm and Professional Services Corporation*
3535 Factoria Boulevard SE, Suite 200
Bellevue, Washington 98006
Telephone (425) 586-1900
Facsimile (425) 586-1997

MEMORANDUM OF CR2A SETTLEMENT AGREEMENT
Page 5 of 8

Exhibit 5
Page 10 of 13

Case 20-01047-CMA    Doc 10    Filed 08/05/20    Ent. 08/05/20 09:34:48    Pg. 25 of 33

1     1.    **Reading, Understanding, and Advisability.**  This Agreement has been

2  carefully read, and the contents hereof are known and understood by all, and it is signed freely

3  by each person executing the Agreement. Prior to the execution of this Agreement by each

4  party, each party has had the opportunity to receive independent legal advice by that party's

5  attorneys with respect to the advisability of making the releases described herein and with

6  respect to the advisability of executing this Agreement.

7     2.    **Representations.**  Except as expressly stated in this Agreement, no party

8  hereto has made any statement or representation to any other party regarding any fact relied

9  upon by the other party entering into this Agreement, and each party specifically does not rely

10  upon any statement, representation or promise of any other party in executing this Agreement,

11  except as expressly stated in this Agreement.

12     3.    **Investigations.**  To the extent possible, each party and its, his, or her attorneys

13  have made such investigation of the facts pertaining to this settlement, this Agreement, and all

14  matters pertaining thereto, as they deem necessary. The parties hereto agree and acknowledge

15  that they, or any of them, may hereafter discover facts different from or in addition to those

16  they, or any of them, now know or believe to be true with respect to the matters released and

17  settled herein, and the parties specifically agree that all of the terms of this Agreement shall be

18  and will remain effective in all aspects, regardless of such different or additional facts which

19  may be learned.

20     4.    **Integration.**  This Agreement constitutes a single, integrated, written contract

21  expressing the entire agreement of the parties hereto relative to the subject matter hereof. No

22  covenants, agreements, representations, or warranties of any kind whatsoever have been made

23

ROUTH CRABTREE FENNELL
*A Law Firm and Professional Services Corporation*
3535 Factoria Boulevard SE, Suite 200
Bellevue, Washington 98006
Telephone (425) 586-1900
Facsimile (425) 586-1997

MEMORANDUM OF CR2A SETTLEMENT AGREEMENT
Page 6 of 8

Exhibit 5
Page 11 of 13

1 by any party hereto, except as specifically set forth in this Agreement. All prior discussions

2 and negotiations have been and are merged and integrated into, and are superseded by this

3 Agreement.

4      5.    **Governing Law.** This Agreement shall be construed in accordance with, and

5 be governed by, the laws of the State of Washington.

6      6.    **Further Assurances.** Each of the parties hereto agrees to take such further

7 action and execute all such further documents as may be necessary or appropriate in order to

8 consummate the settlement and release contemplated hereby.

9      7.    **No Assignment.** The parties hereto hereby warrant and represent that they,

10 and each of them, have made no assignments, voluntary or involuntary, of all or any part of

11 the claims released herein to any other person or entity.

12      8.    **Drafting.** This Agreement shall be construed without regard as to which party

13 drafted the Agreement, and this Agreement shall be construed as if all parties hereto

14 participated equally in the drafting of the Agreement.

15      9.    **Survival.** Wherever possible, each provision of this Agreement shall be

16 interpreted in such a manner as to be valid under applicable law, but if any provision of this

17 Agreement shall be invalid, or prohibited there under, such provision shall be ineffective to

18 the extent of such prohibition without ~~validating the~~ invalidating the remainder of such provision or the

19 remaining provisions of this Agreement.

20      10.    **Attorney Fees.** In the event either party commences litigation to enforce this

21 agreement, the prevailing party shall recover its reasonable attorney fees, costs, and expenses

22 incurred in connection with such litigation both in the trial court and on any appeal.

23

**ROUTH CRABTREE FENNELL**
A Law Firm and Professional Services Corporation
3535 Factoria Boulevard SE, Suite 200
Bellevue, Washington 98006
Telephone (425) 586-1900
Facsimile (425) 586-1997

MEMORANDUM OF CR2A SETTLEMENT AGREEMENT
Page 7 of 8

Exhibit 5
Page 12 of 13

11. **Venue**: The venue for any litigation between the parties regarding this agreement shall be exclusively in the Superior Court of the State of Washington, County of King.

DATED this 11th day of July, 2003.

ROUTH CRABTREE FENNELL, P.S

By

Janaya L. Casavant, WSBA # 32715
Attorneys for Plaintiff

Jack C. Cramer, Jr., Defendant

Helmut Kah, WSBA # 18541
Attorney for Defendant Jack C. Cramer, Jr.

COUNTRYWIDE HOME LOAN, INC.

By

Dawn Ladny, Vice President
Countrywide Home Loans, Inc.

**ROUTH CRABTREE FENNELL**
A Law Firm and Professional Services Corporation
3535 Factoria Boulevard SE, Suite 200
Bellevue, Washington 98006
Telephone (425) 586-1900
Facsimile (425) 586-1997


IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| 21ST MORTGAGE CORPORATION, a Delaware corporation, | ) ) ) | No. 75657-5-I |
| Respondent, | ) ) | DIVISION ONE |
| v. | ) ) ) | |
| JACK C. CRAMER, JR, and JANE DOE CRAMER, and the marital community thereof, | ) ) ) ) | UNPUBLISHED OPINION FILED: November 27, 2017 |
| Appellants. | ) ) ) | |

BECKER, J. — In this cause of action for unjust enrichment, the trial court

properly granted summary judgment in favor of a mortgage company that paid a

homeowner's property taxes and insurance bills during a period of time that the

homeowner was in default on payments on a secured note.

Appellant Jack C. Cramer Jr. owns property secured by an adjustable rate

note and deed of trust. The original note holder was Countrywide Home Loan

Inc. The note went into default in 2001. Cramer became involved in litigation

with Countrywide that was settled by an agreement in 2003. According to

Cramer, Countrywide breached that agreement when it failed to clear derogatory

credit reporting. Cramer claims that as a result of Countrywide's breach, he was

unable to refinance his home and incurred attorney fees from foreclosure proceedings.

Countrywide filed for bankruptcy in 2012. In the bankruptcy proceedings, respondent 21st Mortgage Corporation became the custodian and servicer on the note. From September 2012 through February 2015, 21st paid $21,904.58 in taxes and insurance premiums on the property. Notice of the payments was sent to Cramer's address. Cramer does not dispute that these payments were made for his benefit.

21st brought an action against Cramer to recoup the payments plus interest under a theory of unjust enrichment. Cramer asserted numerous affirmative defenses. Many of these defenses were based on the 2003 settlement agreement with Countrywide, including a recoupment claim for incurred attorney fees and litigation expenses arising from Countrywide's alleged breach.

The trial court granted 21st's motion for summary judgment and entered a judgment awarding 21st the damages sought. This appeal followed. Our review is de novo. Bavand v. OneWest Bank, FSB, 196 Wn. App. 813, 825, 385 P.3d 233 (2016).

Cramer contends that 21st's claim is barred by the statute of limitations. It is not. The statute of limitations for an unjust enrichment claim is three years. RCW 4.16.080. The earliest payment which 21st seeks to recover was made on September 27, 2012. This action was brought on September 1, 2015. Therefore, 21st's claims are within the three-year statute of limitation period.

2

Cramer contends that 21st's motion for summary judgment relied on inadmissible hearsay. Specifically, he argues that the declaration of 21st's attorney, Chris Caldwell, failed to provide the necessary foundation to admit attached documents as business records under RCW 5.45.020. That statute allows the admission of business records "if the custodian or other qualified witness testifies to its identity and the mode of its preparation, and if it was made in the regular course of business, at or near the time of the act, condition or event, and if, in the opinion of the court, the sources of information, method and time of preparation were such as to justify its admission." RCW 5.45.020.

Cramer cites a case holding that the business records exception does not allow admission of affidavits testifying to the contents of documents not in the record. Podbielancik v. LPP Mortg. Ltd., 191 Wn. App. 662, 667, 362 P.3d 1287 (2015). Although 21st initially provided a declaration referring to documents not in the record, Caldwell filed a second declaration to support the reply memorandum. The second declaration attached documents necessary to support 21st's claim for unjust enrichment.

There is no requirement that the party laying the foundation must be the same party responsible for the creation of the documents. Bavand, 196 Wn. App. at 829-30. Caldwell declared that he was personally familiar with the documents; he was a custodian of the documents; they were created and maintained in the regular and ordinary course of a regularly conducted business activity by a person charged with a duty of creating and maintaining the business records; the documents were made at or near the date of the documents'

3

creation; and he was able to testify to the truth of the statements. Such a declaration is consistent with the requirements of RCW 5.45.020. We conclude there is nothing to suggest the documents were improperly admitted.

Cramer contends the summary judgment order bars him from asserting any future claim to quiet title on his property against 21st. Contrary to Cramer's claim, the order makes no mention of actions to quiet title, nor did Cramer raise this issue as an affirmative defense in his answer or in his response to the motion for summary judgment. Furthermore, Cramer fails to cite any legal support for his claim. This court does not review assigned errors where arguments are not adequately developed in the briefs. State v. Corbett, 158 Wn. App. 576, 597, 242 P.3d 52 (2010).

Cramer contends the summary judgment order bars him from asserting a statute of limitations defense in any future actions. There is no basis for this claim in the language of the order.

Cramer contends the trial court should have permitted him to assert a recoupment defense and use it as a setoff against the unjust enrichment claim brought by 21st. His alleged right to recoupment is based upon his 2003 settlement agreement with Countrywide. 21st was not a party to that agreement. At oral argument before the trial court, counsel for 21st argued that bankruptcy court was the only proper forum in which to assert such a claim. Accordingly, the trial court's order dismissing Cramer's affirmative defenses with prejudice contained the interlineated words, "save Defendant's Recoupment claims in Bankruptcy Court."

4

Assuming for the sake of argument that Countrywide's successor can be held liable in state court for the allegedly derogatory credit reports—an argument Cramer's brief does not articulate—the only evidence of damage that he has presented is too speculative to survive summary judgment. Cramer concedes that he has been in default on the note since 2001. Two sentences taken from his declaration constitute his only evidence of damage:

> Countrywide failed to clear the derogatory credit reporting as required by the settlement agreement. As a result I was and have been unable to refinance, have been subjected to foreclosure proceedings, and have been forced to file more than one bankruptcy case since 2003 to protect my homestead.

Cramer has offered no evidence that he actually did attempt to refinance his property, nor has he provided evidence that he would have succeeded in obtaining a lower interest rate had Countrywide fulfilled its obligations.

Affirmed.

Becker, J.

WE CONCUR:

Trickey, ACJ

Spearman, J.