Eleanor A. DuBay, WSBA #45828
TOMASI SALYER MARTIN
121 SW Morrison St, Suite 1850
Portland, OR 97204
Telephone: (503) 894-9900
Email: edubay@tomasilegal.com

Attorneys for Defendant 21st Mortgage Corporation

Judge: Alston
Chapter: 7
Location: Telephonic
Hearing Date: November 5, 2020
Hearing Time: 11:00 AM
Response Date: October 29, 2020

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re<br><br>Jack Carlton Cramer, Jr,<br><br>    Debtor,<br><br>―――――――――――――<br><br>Jack Carlton Cramer, Jr,<br><br>    Plaintiff,<br><br>  v.<br><br>21st Mortgage Corporation,<br><br>    Defendant. | Case No. 09-15167<br><br>Adv. Proc. No. 20-01047-CMA<br><br>SUPPLEMENTAL BRIEFING IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT TO DETERMINE DISCHARGEABILITY OF POST PETITION UNJUST ENRICHMENT CLAIM PURSUANT TO FRCP 12(b) |

This matter originally came before the Court on September 3, 2020 on Defendant 21st Mortgage Corporation's ("21st") Motion to Dismiss Plaintiff's Complaint to Determine Dischargeability of Post Petition Unjust Enrichment Claim Pursuant to FRCP 12(b) (the "Motion

Page 1 -   SUPPLEMENTAL BRIEFING IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT TO DETERMINE DISCHARGEABILITY OF POST PETITION UNJUST ENRICHMENT CLAIM  PURSUANT TO FRCP 12(b)

21ST-F74\00535671.000

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

Case 20-01047-CMA    Doc 16    Filed 10/08/20    Ent. 10/08/20 16:35:23    Pg. 1 of 8

to Dismiss"). At the hearing, the Court converted 21st's Motion to Dismiss to a motion for summary judgment pursuant to Federal Rule of Civil Procedure ("FRCP") 12(d), as incorporated by Federal Rule of Bankruptcy Procedure ("FRBP") 7012. In accordance with FRCP 12(d), the court allowed the parties a reasonable opportunity to present pertinent materials in relation to the Motion to Dismiss, which includes allowing 21st to file this supplemental briefing detailing the application of FRCP 56.

In support of this supplemental briefing, 21st relies upon the Declaration of Whit Reed ("Reed Dec.") and the Declaration of Eleanor A. DuBay ("DuBay Dec.") filed contemporaneously with the Motion to Dismiss. 21st further relies upon the Memorandum of Points and Authorities set out below, as well as the arguments articulated in its Motion to Dismiss and the reply filed in support thereof, and the records and files herein.

## MOTION FOR SUMMARY JUDGMENT

**I. ARGUMENT**

    **A. Legal Standard.**

FRCP 56 applies in adversary proceedings. FRBP 7056. "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FCRP 56. "At the summary judgment stage, facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380, 127 S. Ct. 1769, 167 L. Ed. 2d 686 (2007), citing FRCP 56(c). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). "As to materiality, the substantive law will

Page 2 - SUPPLEMENTAL BRIEFING IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT TO DETERMINE DISCHARGEABILITY OF POST PETITION UNJUST ENRICHMENT CLAIM PURSUANT TO FRCP 12(b)

21ST-F74\00535671.000

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

Case 20-01047-CMA    Doc 16    Filed 10/08/20    Ent. 10/08/20 16:35:23    Pg. 2 of 8

identify which facts are material. Only disputes over fact that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. "[W]hile the materiality determination rests on the substantive law, it is the substantive law's identification of which facts are critical and which facts are irrelevant that governs." *Id*.

Once the moving party has properly submitted a summary judgment motion, the burden shifts to the nonmoving party to set forth specific facts showing that there is a genuine material issue for trial. *Id*. at 250. "In opposing summary judgment, a nonmoving party must go beyond the pleadings and, by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Bias v. Moynihan*, 508 F.3d 1212, 1218 (9th Cir. 2007) (internal quotation and citation omitted). If the nonmoving party fails to make this showing, the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

**B. 21st is entitled to summary judgment because there are no genuine issues of material fact and 21st is entitled to judgment as a matter of law.**

The Court should grant summary judgment in favor of 21st because there are no genuine issues of material fact and 21st is entitled to judgment as a matter of law. Plaintiff's Complaint alleges that 21st's Judgment[1] is void because it was entered in violation of the discharge injunction under 11 U.S.C. § 524(a)(2). 21st asserts in the Motion to Dismiss that the Complaint fails to state a claim upon which relief can be granted, as a matter of law, because: (1) the Judgment was based on an equitable unjust enrichment claim which arose after the discharge injunction was entered in the 2009 bankruptcy; (2) the unjust enrichment claim was not tethered to any contractual relationship between the parties and is a separate legal action such that the claim was not a prepetition claim barred by the discharge injunction; (3) the unjust enrichment

---

[1] Unless otherwise noted, capitalized terms have the same meaning set forth in the Motion to Dismiss.

Page 3 - SUPPLEMENTAL BRIEFING IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT TO DETERMINE DISCHARGEABILITY OF POST PETITION UNJUST ENRICHMENT CLAIM PURSUANT TO FRCP 12(b)

21ST-F74\00535671.000

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

Case 20-01047-CMA    Doc 16    Filed 10/08/20    Ent. 10/08/20 16:35:23    Pg. 3 of 8

action was not an enforcement action of any personal liability on a prepetition claim and was, rather, a disgorgement of a benefit bestowed upon Plaintiff by 21st; and (4) the unjust enrichment claim could not be barred by the discharge injunction because the benefit bestowed on Plaintiff was the payment of property taxes which are given special treatment under the Bankruptcy Code and are not dischargeable.  21st's arguments are equally applicable under the standard of review for summary judgment; indeed, there is no dispute as to the material facts in this matter and, as such, 21st is entitled to summary judgment.

First, Plaintiff confuses the Judgment with an attempt to enforce the Deed of Trust.  Contrary to Plaintiff's position, the Judgment in favor of 21st arose out of an unjust enrichment action.  An unjust enrichment claim in Washington is an <u>equitable</u> claim distinct from a contract.  *See Bailie Commc'ns, Ltd. v. Trend Bus. Sys., Inc.*, 61 Wn. App. 151, 160, 810 P.2d 12 (1991) ("Unjust enrichment occurs when one retains money or benefits which in justice and equity belong to another.").  An unjust enrichment claim under state law is "a standalone cause of action untethered from its contractual relationship" with the debtor and is not based in contract or quasi-contract.  *See Umpqua Bank v. Burke (In re Burke),* No. NC-18-1260-STaB, 2019 Bankr. LEXIS 3653, *8 (B.A.P. 9th Cir. Nov. 25, 2019).[2]  An unjust enrichment claim does not fall within the fair contemplation test where the creditor had no knowledge of the claim prepetition and was not put on notice during the bankruptcy of the potential claim such that the creditor could challenge the discharge of that claim.  *Id.* at *15-16, following *ZiLOG, Inc. v. Corning*, 450 F.3d 996 (9th Cir. 2006).  A claim for unjust enrichment will be found where (1) the defendant receives a benefit, (2) the received benefit is at the plaintiff's expense, and (3) the circumstances make it unjust for the defendant to retain the benefit without payment.  *Bailie Commc'ns, Ltd*, 61 Wn. App. at 160.

---

[2] While this opinion was not published, it is being noted for its persuasive value since it is markedly similar to facts here.

Page 4 - SUPPLEMENTAL BRIEFING IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT TO DETERMINE DISCHARGEABILITY OF POST PETITION UNJUST ENRICHMENT CLAIM PURSUANT TO FRCP 12(b)

21ST-F74\00535671.000

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

Case 20-01047-CMA    Doc 16    Filed 10/08/20    Ent. 10/08/20 16:35:23    Pg. 4 of 8

Here, there is no factual dispute that the Judgment arose out of an unjust enrichment action.[3] Further, there is no dispute, and Plaintiff is now estopped from arguing, that Plaintiff received a benefit from 21st and that it would have been unjust for Plaintiff to retain the benefit without payment. Indeed, it mattered not whether any contractual relationship existed between the parties. It also did not matter for what purpose the funds were used so long as they were expended by 21st for the benefit of Plaintiff. 21st is entitled to summary judgment because there is no genuine issue of material fact that the Judgment is based on an unjust enrichment claim that was an equitable claim, untethered and unrelated to any preexisting contract between the parties.

Moreover, the undisputed facts confirm that the unjust enrichment claim arose after the Discharge was entered. The benefit bestowed by 21st on Plaintiff was the payment of real property taxes on and after September 27, 2012, which was more than three years after the Discharge was entered.[4] As explained herein, a claim for unjust enrichment is not tethered to any contractual relationship between the parties and is, rather, a separate legal action under equity. The unjust enrichment claim could not have arisen before the entry of the Discharge because 21st had not yet bestowed any benefit on Plaintiff. Indeed, at the time the 2009 bankruptcy was initiated and Discharge entered, neither 21st nor its predecessor-in-interest could have known that years later sums would be expended for the benefit of and retained by Plaintiff. 21st had no knowledge of the unjust enrichment claim prepetition because the sums were not expended until 2012, and there was nothing to put 21st on notice of the acts underlying the claim years later. As such, neither 21st nor its predecessor-in-interest could have challenged the debtor's dischargeability in relation to the unknown unjust enrichment claim at the time in 2009. Therefore, 21st's unjust enrichment claim was not a prepetition claim affected by the Discharge.

---

[3] DuBay Dec. [Doc 10], Ex. 4.

[4] *Id.*, Ex. 4, p. 2 and Ex. 1.

Page 5 - SUPPLEMENTAL BRIEFING IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT TO DETERMINE DISCHARGEABILITY OF POST PETITION UNJUST ENRICHMENT CLAIM PURSUANT TO FRCP 12(b)

21ST-F74\00535671.000

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

Similarly, the unjust enrichment claim was not an enforcement action for personal liability on a claim, rather it was a disgorgement of a benefit bestowed upon the debtor by 21st. Importantly, the unjust enrichment claim was not an enforcement action for personal liability on a claim under the security agreement, rather it was a disgorgement of a benefit bestowed upon Plaintiff by 21st. Notably, there is no factual dispute that 21st actually expended funds that were for the benefit of Plaintiff and retained by Plaintiff under circumstances making it unjust for him to retain the benefit. 21st prevailed in the unjust enrichment action because it would have been unfair for Plaintiff to retain the benefit bestowed upon him by 21st, *e.g.*, the actual payment of the real property taxes for the benefit of Plaintiff.

While, as otherwise noted herein, the fact that the benefit expended by 21st was for the payment of real property taxes is not relevant, even assuming it was, property taxes are fundamentally different from other types of debt in a bankruptcy. As shown by 21st in its reply to the Motion to Dismiss [Doc 14], prepetition real property taxes can only be discharged if they arose more than one year prior to the petition date. *See* 11 U.S.C.§§ 523(a)(1) and 727(b); 11 U.S.C. § 507(a)(8)(B). A debt for property taxes incurred within one year of the petition date is a priority claim and cannot be discharged. *Id*. Indeed, the Code requires trustees to pay ongoing real property taxes during the pendency of a case. 28 U.S.C. § 960. It is axiomatic that property taxes that become due <u>after</u> discharge in a Chapter 7 bankruptcy are not affected by the proceeding because they are related to and arise out of the priority claim and may be pursued in the usual fashion.

Thus, if the requirement to pay post-discharge property taxes was not discharged in the bankruptcy case, then 21st's payment of those taxes as a benefit to Plaintiff could not possibly have been discharged. This also further supports 21st's argument that it does not matter for what purpose the funds were expended, only whether Plaintiff received a benefit under circumstances which would make it unequitable for Plaintiff to retain the benefit without paying for it. The undisputed facts confirm that 21st did not pay the property taxes until 2012, more

Page 6 -   SUPPLEMENTAL BRIEFING IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT TO DETERMINE DISCHARGEABILITY OF POST PETITION UNJUST ENRICHMENT CLAIM PURSUANT TO FRCP 12(b)
21ST-F74\00535671.000

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

Case 20-01047-CMA    Doc 16    Filed 10/08/20    Ent. 10/08/20 16:35:23    Pg. 6 of 8

than three years after the discharge was entered. Additionally, in accordance with the Code, the post-petition property taxes could not have been discharged and the taxing authority could have commenced a foreclosure of the property because Plaintiff failed to pay the taxes. Therefore, Plaintiff received a benefit when 21st paid the property taxes in order to avoid a foreclosure by the taxing authority of the real property owned by Plaintiff.

In any event, the issue of whether Plaintiff received a benefit has been litigated in the state court which granted the Judgment in favor of 21st, which Judgment was upheld by the Washington Court of Appeals when it affirmed the trial court's ruling in all aspects.[5] At no time did Plaintiff raise the Discharge in defense of the unjust enrichment claim, even though he was represented by the same attorney in both the 2009 bankruptcy and the state court action.[6] The reason is clear: the Discharge does not prohibit 21st's unjust enrichment claim which arose in 2012, after the Discharge was entered, and was not tethered to the parties' contractual relationship.

## II. CONCLUSION

Based on the foregoing, it is clear that 21st is entitled to summary judgment pursuant to FRCP 56. 21st has shown that there are no genuine disputes as to any material fact and that 21st is entitled to judgment as a matter of law. Accordingly, the Court must grant summary judgment in favor of 21st.

DATED: October 8, 2020.

TOMASI SALYER MARTIN

By: /s/ Eleanor A. DuBay
Eleanor A. DuBay, WSBA #45828
edubay@tomasilegal.com
Phone: (503) 894-9900
Attorneys for 21st Mortgage Corp.

---

[5] *Id.*, Ex. 6.

[6] *See generally*, the docket in the underlying bankruptcy Case No. 09-15167 and DuBay Dec., Ex. 5.

Page 7 - SUPPLEMENTAL BRIEFING IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT TO DETERMINE DISCHARGEABILITY OF POST PETITION UNJUST ENRICHMENT CLAIM PURSUANT TO FRCP 12(b)
21ST-F74\00535671.000

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

Case 20-01047-CMA    Doc 16    Filed 10/08/20    Ent. 10/08/20 16:35:23    Pg. 7 of 8

# CERTIFICATE OF SERVICE

I hereby certify that on October 8, 2020 I served a copy of the foregoing **SUPPLEMENTAL BRIEFING IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT TO DETERMINE DISCHARGEABILITY OF POST PETITION UNJUST ENRICHMENT CLAIM PURSUANT TO FRCP 12(b)** by electronic means using ECF to the parties listed below:

Christina L Henry on behalf of Plaintiff Jack Carlton Cramer, Jr
chenry@hdm-legal.com; HenryDeGraaffPS@jubileebk.net; mainline@hdm-legal.com

Rory C Livesey on behalf of Interested Party Courtesy NEF
rory@liveslaw.com, patti@liveslaw.com

DATED: October 8, 2020.

TOMASI SALYER MARTIN

By: /s/ Eleanor A. DuBay
Eleanor A. DuBay, WSBA #45828
edubay@tomasilegal.com
Phone: (503) 894-9900
Attorneys for Defendant 21st Mortgage Corp.

CERTIFICATE OF SERVICE
21ST-F74\00535671.000

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

Case 20-01047-CMA    Doc 16    Filed 10/08/20    Ent. 10/08/20 16:35:23    Pg. 8 of 8