Eleanor A. DuBay, WSBA #45828
TOMASI SALYER MARTIN
121 SW Morrison St, Suite 1850
Portland, OR 97204
Telephone: (503) 894-9900
Email: edubay@tomasilegal.com

Attorneys for Defendant 21st Mortgage Corporation

Judge: Alston
Chapter: 7
Location: Telephonic
Hearing Date: December 3, 2020
Hearing Time: 11:00 AM
Response Date: November 30, 2020

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re<br><br>Jack Carlton Cramer, Jr,<br><br>    Debtor,<br><br>_____<br><br>Jack Carlton Cramer, Jr,<br><br>    Plaintiff,<br><br>  v.<br><br>21st Mortgage Corporation,<br><br>    Defendant. | Case No. 09-15167<br><br>Adv. Proc. No. 20-01047-CMA<br><br>SECOND SUPPLEMENTAL BRIEFING IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT TO DETERMINE DISCHARGEABILITY OF POST PETITION UNJUST ENRICHMENT CLAIM PURSUANT TO FRCP 12(b) |

This matter came before the Court on November 5, 2020 on Defendant 21st Mortgage Corporation's ("21st") Motion to Dismiss Plaintiff's Complaint to Determine Dischargeability of Post Petition Unjust Enrichment Claim Pursuant to FRCP 12(b) which had

Page 1 - SECOND SUPPLEMENTAL BRIEFING IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT TO DETERMINE DISCHARGEABILITY OF POST PETITION UNJUST ENRICHMENT CLAIM PURSUANT TO FRCP 12(b)

21ST-F74\00543588.000

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

Case 20-01047-CMA    Doc 25    Filed 11/19/20    Ent. 11/19/20 10:37:33    Pg. 1 of 4

been converted to a Motion for Summary Judgment pursuant to FRCP 12(d) ("21st's Motion") and Plaintiff's Cross Motion for Summary Judgment (the "Cross Motion").  At the hearing, the Court permitted the parties to file additional supplemental briefing and declarations to address issues raised by the Court.  The deadline to submit the supplemental briefing and declarations was set for November 19, 2020, any responsive briefing is due November 30, 2020, and the Court set a final hearing for December 3, 2020.

Pursuant to the Court's statements at the hearing, 21st hereby files a Second Supplemental Briefing and a Supplemental Declaration of Whit Reed ("Supp. Dec.") in support of 21st's Motion to address two, limited issues:  (1) the applicability of the return to the fray doctrine, and; (2) the Court's inquiry regarding the state court's records related to the amounts set forth in the Judgment.  21st further relies upon all of the arguments and facts set forth in its prior pleadings, as well as the arguments made at the multiple hearings before the Court.

First, as the Court pointed out at the hearing, the case here is analogous to the "return to the fray" cases.  When a debtor acts post-petition to voluntarily commence litigation or otherwise voluntarily return to the fray those actions can cause attorneys fees and other charges incurred by a creditor to not be subject to the discharge.  *Siegel v. Fed. Home Loan Mortg. Corp.*, 143 F.3d 525, 533-34 (9th Cir. 1998).  The return to the fray doctrine is an equitable doctrine that holds that where charges have been incurred by continued action by the debtor of pre-petition litigation, those costs will not be discharged when the debtor takes affirmative actions post-petition. *Boeing N. Am., Inc. v. Ybarra (In re Ybarra)*, 424 F.3d 1018, 1026 (9th Cir. 2005).  "In other words, while [debtor's] bankruptcy [does] protect him from the results of his past acts, including attorney's fees associated with those acts, it [does] not give him carte blanche to go out and commence new litigation about the contract without consequences." *Siegel*, 143 F.3d at 534. "As for the 'return to the fray' cases, to the extent they fit within the broader 'fair contemplation' test, they stand for the proposition that where a debtor creates a right to recovery through new post-petition conduct, she cannot hide behind the discharge.  This is a common sense

Page 2 - SECOND SUPPLEMENTAL BRIEFING IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT TO DETERMINE DISCHARGEABILITY OF POST PETITION UNJUST ENRICHMENT CLAIM PURSUANT TO FRCP 12(b)

21ST-F74\00543588.000

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

Case 20-01047-CMA    Doc 25    Filed 11/19/20    Ent. 11/19/20 10:37:33    Pg. 2 of 4

proposition." *Umpqua Bank v. Burke (In re Burke)*, No. NC-18-1260-STaB, 2019 Bankr. LEXIS 3653, at *16 (B.A.P. 9th Cir. Nov. 25, 2019)

Here, Plaintiff's own post-petition wrongful conduct of failing to pay real property taxes as mandated by state law was the impetus for the unjust enrichment claim. Under RCW Chapter 84.56, a debtor must continue to pay real property taxes that arise after discharge and, if the debtor fails to do so, the taxing authority may commence an enforcement action against the subject property. *See generally* RCW 84.56. Because of Plaintiff's failure to pay the real property taxes as required by Washington law, 21st had no choice but to act by paying the property taxes owing on the property owned by Plaintiff. As a result, 21st incurred a cost in performing the debtor's legal duty and the debtor benefitted therefrom. It is a natural progression for the proposition that when a debtor's post-petition wrongful conduct opens up a right to recovery for failure to comply with state law that the debtor should not be able to hide behind a discharge.

In addition to the foregoing, as to the Court's inquiry regarding funds expended by 21st for the payment of the real property taxes, filed contemporaneously herewith is the Supp. Dec. which attaches, as Exhibit 1, the Declaration of Chris Caldwell in Support of Plaintiff's Reply and Motion for Summary Judgment Against Defendants filed in the state court unjust enrichment proceeding. As stated in the Supp. Dec., a review of the state court records shows that, of the $21,904.58 principal amount of the Judgment, $17,758.55 was for real property taxes and $4,146.03 was for insurance premiums.

DATED: November 19, 2020.

TOMASI SALYER MARTIN

By: /s/ Eleanor A. DuBay
Eleanor A. DuBay, WSBA #45828
edubay@tomasilegal.com
Phone: (503) 894-9900
Attorneys for 21st Mortgage Corp.

Page 3 -   SECOND SUPPLEMENTAL BRIEFING IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT TO DETERMINE DISCHARGEABILITY OF POST PETITION UNJUST ENRICHMENT CLAIM PURSUANT TO FRCP 12(b)
21ST-F74\00543588.000

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

Case 20-01047-CMA    Doc 25    Filed 11/19/20    Ent. 11/19/20 10:37:33    Pg. 3 of 4

# CERTIFICATE OF SERVICE

I hereby certify that on November 19, 2020 I served a copy of the foregoing **SECOND SUPPLEMENTAL BRIEFING IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT TO DETERMINE DISCHARGEABILITY OF POST PETITION UNJUST ENRICHMENT CLAIM PURSUANT TO FRCP 12(b)** by electronic means using ECF to the parties listed below:

Christina L Henry on behalf of Plaintiff Jack Carlton Cramer, Jr
chenry@hdm-legal.com; HenryDeGraaffPS@jubileebk.net; mainline@hdm-legal.com

Rory C Livesey on behalf of Interested Party Courtesy NEF
rory@liveslaw.com, patti@liveslaw.com

DATED: November 19, 2020.

TOMASI SALYER MARTIN

By: /s/ Eleanor A. DuBay
Eleanor A. DuBay, WSBA #45828
edubay@tomasilegal.com
Phone: (503) 894-9900
Attorneys for Defendant 21st Mortgage Corp.

CERTIFICATE OF SERVICE
21ST-F74\00543588.000

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

Case 20-01047-CMA    Doc 25    Filed 11/19/20    Ent. 11/19/20 10:37:33    Pg. 4 of 4