Judge: Alston
Chapter: 7
Location: Telephonic
Hearing Date: December 2, 2020
Hearing Time: 11:00 AM
Response Date: November 30, 2020

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| IN RE: | Adversary No. 20-01047-CMA |
| JACK CARLTON CRAMER, JR, | Chapter 7 |
| Debtors. | BK Case No. 09-15167 |
| JACK CARLTON CRAMER, JR, | SUPPLEMENTAL BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |
| Plaintiffs, | |
| v. | |
| 21ˢᵗ MORTGAGE CORPORATION, | |
| Defendant. | |

SUPPLEMENTAL BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - Page 1

HENRY & DEGRAAFF, P.S.
787 MAYNARD AVE S.
SEATTLE, WA 98104
V (206) 330-0595 / F (206) 400-7609

Case 20-01047-CMA    Doc 27    Filed 11/19/20    Ent. 11/19/20 16:48:13    Pg. 1 of 6

I.  UNJUST ENRICHMENT CAUSE OF ACTION IS ACTUALLY A *REMEDY* FOR ENFORCEMENT OF A *PREPETITION* CONTRACTUAL CLAIM—

All of Mr. Cramer's debts and liabilities on any "claims" were discharged in his chapter 7 bankruptcy case. 11 U.S.C. § 727. Likewise, any action seeking equitable relief for a breach of a contractual obligation is discharged "if such breach gives rise to a right to payment." 11 U.S.C. § 101(5)(B). Thus, any equitable claim or obligation that Mr. Cramer may have had on his mortgage contract, only survives a bankruptcy discharge if there is no alternative right to money damage to cure the breach. *Grogan v. Garner,* 498 U.S. 279, 283, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). Thus, any obligations arising from Mr. Cramer's obligation to pay escrow advances for property taxes and insurance on the property were discharged as they were pre-petition claims described in the escrow provisions of the Deed of Trust and relied upon by 21st Mortgage in its unjust enrichment action. Supplemental Declaration of Christina L Henry ("Supp. Henry Dec"). at ¶ 3, with exhibits referenced there. There is no question that the existence of the escrow provisions cited in the deed of trust regarding equity items in paragraphs 2, 4, 5, and 7 (*See* Cramer Dec., at ¶ 2, Exhibit. B, pg. 3-4, at paragraph 2, 4, 5 and 7) are the type of contractual provisions that even though they may accrue post-petition are still fairly contemplated prior to the bankruptcy filing and thus discharged. *In re Burke,* No. 1:09-BK-12469, 2019 WL 6332370, at *6 (B.A.P. 9th Cir. Nov. 25, 2019).

In each of the cases cited by *In re Burke,* as here, the creditors knew about specific facts pre-petition that reasonably suggest a claim, making the claim fairly contemplated. *Id.* In *Goudelock v. Sixty-01 Ass'n of Apartment Owners*, 895 F.3d 633 (9th Cir.), cert. denied, 139 S. Ct. 580, 202 L. Ed. 2d 406 (2018) the debtor's personal obligation to pay monthly condominium

SUPPLEMENTAL BRIEF IN SUPPORT OF PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT - Page 2

HENRY & DEGRAAFF, P.S.
787 MAYNARD AVE S.
SEATTLE, WA 98104
V (206) 330-0595 / F (206) 400-7609

Case 20-01047-CMA    Doc 27    Filed 11/19/20    Ent. 11/19/20 16:48:13    Pg. 2 of 6

dues arose pre-petition, so the condo association could have fairly contemplated that monthly dues would continue to accrue as long as the debtor remained the owner. In *In re Castellino Villas, A. K. F. LLC*, 836 F.3d 1028 (9th Cir. 2016), a plaintiff creditor suing on a pre-petition contract with an attorney fees provision could fairly contemplate that fees would continue to accrue post-petition where the plaintiff was required by a settlement agreement to compete the lawsuit. In *In re SNTL Corp.*, 571 F.3d 826 (9th Cir. 2009), the parties specifically contracted for a contingency where a third party would be liable in the event a payment made by a primary obligor turned out to be a preferential transfer, and thus the existence of that exact claim was fairly contemplated. In *In re Cool Fuel, Inc.*, 210 F.3d 999 (9th Cir. 2000), the state of California had an allowable contingent claim where the taxing authority investigated the bankrupt debtor and issued a deficiency determination pre-petition, even though a final decision had not been issued. In *In re Jensen*, 995 F.2d 925 (9th Cir. 1993), where the state had discovered an environmental hazard pre-petition, the state's claim for cleanup was discharged even though the cause of action requiring cleanup had not yet accrued. 21st Mortgage, like all of the creditors in these cases, had fair contemplation of the continuing accrual of the expenses contemplated by the creation of the escrow account. Like *SNTL*, the specific expense was contemplated and contracted for, and as this court pointed out at oral argument, it was contemplated precisely because mortgage creditors like 21st cannot trust mortgage debtors to keep current on taxes and insurance.

      Thus, there is no way to escape the fact that 21st mortgage's unjust enrichment judgment is nothing more than a remedy for the enforcement of a pre-petition claim and no matter how unjust or unfair it may be to allow Mr. Cramer to not reimburse 21st mortgage for their escrow advances made for the home he is living in, his obligations to 21st mortgage were discharged. It

SUPPLEMENTAL BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - Page 3

Henry & DeGraaff, P.S.
787 Maynard Ave S.
Seattle, WA 98104
V (206) 330-0595 / F (206) 400-7609

Case 20-01047-CMA    Doc 27    Filed 11/19/20    Ent. 11/19/20 16:48:13    Pg. 3 of 6

is well established that "notions of equity and fairness do not override the express provisions of the Bankruptcy Code." *Norwest Bank Worthington v. Ahlers*, 485 U.S. 197, 206, 108 S.Ct. 963, 99 L.Ed.2d 169 (1988) ("[W]hatever equitable powers remain in the bankruptcy courts must and can only be exercised within the confines of the Bankruptcy Code.")." *Goudelock v. Sixty-01 Ass'n of Apartment Owners*, 895 F.3d 633, 641 (9th Cir.), cert. denied, 139 S. Ct. 580 (2018). It is this court's obligation to interpret the Bankruptcy Code while acknowledging the paramount importance of the fresh start and while acknowledging that whatever equitable powers this court can only be exercised within the confines of" the Bankruptcy Code. *Law v. Siegel,* 571 U.S. 415, 421 (2014).

## II. CRAMER HAD NO OBLIGATION TO PAY PROPERTY TAXES THAT SURVIVED THE DISCHARGE

It is a bedrock principle of Washington Real Property Tax law that the property owner has no personal liability for real property tax. In 1910, the Washington State Supreme Court explained it succinctly:

> There appears to be no statutory method for the enforcement of the collection of taxes upon real property other than by foreclosing the lien thereon in the manner provided by the general revenue laws. This court has heretofore recognized the general rule that, when the statute provides an ample and specific method of enforcing collection of taxes, such method is exclusive. Pierce County v. Merrill, 19 Wash. 175, 52 Pac. 854; 27 Am. & Eng. Ency. Law (2d Ed.) 783; 1 Cooley on Taxation (3d Ed.) 17.
>
> **We think it clear that under our system of taxation of real property there is no personal liability against the owner for taxes charged against such property**.

*Clizer v. Krauss,* 57 Wash. 26, 30, 106 P. 145, 146 (1910)(emphasis added)

In *Clizer,* the parties were in dispute over the validity of a real estate installment contract, with the seller, Krauss, arguing that, because there were property taxes due at the time of payoff,

SUPPLEMENTAL BRIEF IN SUPPORT OF PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT - Page 4

HENRY & DEGRAAFF, P.S.
787 MAYNARD AVE S.
SEATTLE, WA 98104
V (206) 330-0595 / F (206) 400-7609

Case 20-01047-CMA    Doc 27    Filed 11/19/20    Ent. 11/19/20 16:48:13    Pg. 4 of 6

which the contract required the purchaser to pay and keep current, there was a default under the terms of the contract that permitted the sellers to decline performance. The Washington Supreme Court held that the taxes owing was irrelevant, since the sellers had no personal liability on the taxes under Washington law, it was immaterial whether the purchasers had kept the taxes current. *Clizer* was cited for this exact principle by the US Supreme Court: "The tax, moreover, creates a burden on the property alone." *Cty. of Yakima v. Confederated Tribes & Bands of Yakima Indian Nation,* 502 U.S. 251, 266, 112 S. Ct. 683, 692, 116 L. Ed. 2d 687 (1992) *See also In re Haukeli's Estate*, 25 Wash. 2d 328, 338, 171 P.2d 199, 204 (1946)("Taxes assessed against real estate are not a debt or personal liability of the owner of the property."); *accord Bennett v. Grays Harbor Cty.,* 15 Wash. 2d 331, 338, 130 P.2d 1041, 1044 (1942); *Comm'r of Internal Revenue v. Plestcheeff,* 100 F.2d 62, 63 (9th Cir. 1938).

Mr. Cramer's post-discharge obligation to pay property taxes under RCW 84.56, as the record owner of the property, is not a personal legal obligation to pay the property taxes and is thus no different than any obligation Mr. Cramer may have had to keep the property insured, which is not a legal obligation created by any state statute that Mr. Cramer is aware of. Any obligation to pay the taxes or the insurance was nothing more than a contractual obligation that was discharged in his bankruptcy. Thus, Mr. Cramer's failure to pay them cannot be an "action" that can be construed as a "return to the fray."

### III. CONCLUSION

This court should grant the Plaintiff's Cross Motion for Summary Judgment because it was fairly contemplated that property taxes and insurance premiums would continue to become due on this Property at the time of Mr. Cramer's bankruptcy discharge and the judgment for unjust enrichment clouding Mr. Cramer's Property is void and any enforcement or payment on that judgment would be in violation of the discharge injunction.

SUPPLEMENTAL BRIEF IN SUPPORT OF PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT - Page 5

HENRY & DEGRAAFF, P.S.
787 MAYNARD AVE S.
SEATTLE, WA 98104
V (206) 330-0595 / F (206) 400-7609

Case 20-01047-CMA    Doc 27    Filed 11/19/20    Ent. 11/19/20 16:48:13    Pg. 5 of 6

DATED this November 19, 2020.

                                          HENRY & DEGRAAFF, P.S.

                                        By: */s/Christina L Henry*
                                                  Christina L Henry, WSBA #31273
                                                  787 Maynard Ave S
                                                  Seattle, WA 98104
                                                  Tel# 206-330-0595
                                                  chenry@hdm-legal.com

SUPPLEMENTAL BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - Page 6

**HENRY & DEGRAAFF, P.S.**
787 MAYNARD AVE S.
SEATTLE, WA 98104
V (206) 330-0595 / F (206) 400-7609

Case 20-01047-CMA     Doc 27     Filed 11/19/20     Ent. 11/19/20 16:48:13     Pg. 6 of 6